Samuel M. Gold, J.
Defendant Milton Gladstone moves for judgment on the pleadings, contending that it appears on the face of the complaint and reply that the agreement in suit is within the Statute of Frauds and is unenforeible. The complaint is in equity, and alleges, in paragraph 2 thereof, that *1050 plaintiff and the moving defendant were cobrokers in a transaction whereby the defendant David Schindler acquired all the capital stock of the defendant Standard Realty Corporation. It is then alleged in paragraph 3 of the complaint that agreement was reached with the knowledge and approval of Schindler that plaintiff and Gladstone were to share equally ‘‘ in any brokerage commissions or other commissions or payments of any kind, however designated, and in whatever form received, which either the plaintiff or Gladstone should thereafter receive in connection with any recapitalization, merger, reorganization, acquisition of stock or other corporate financing or other corporate transactions undertaken by Standard Realty, Standard Beverage, Standard Brewing, or their successors, assigns, or "transferees.” Standard Brewing later became known as Standard Industries, Inc.
It is further alleged in paragraph 5 of the complaint that thereafter Standard Industries acquired through the defendant Cadilly Corporation all of the capital stock of the defendant Watson Elevator Co., Inc., in exchange for a stated number of shares of the common stock of Standard Industries. Thereafter Standard Industries, through action of the board of directors, undertook to issue to Gladstone 25,000 of its. shares of common stock, fully paid and nonassessable, as a commission in connection with the consummation of the transaction referred to in paragraph 5 of the complaint. Thus plaintiff claims to be entitled to share in the compensation received in connection with the agreement set forth in paragraph 3 of the complaint and upon a transaction occurring as set forth in paragraph 5 of the complaint, rather than in connection with the original cobrokerage agreement and the transaction resulting directly therefrom as set forth in paragraph 2 of the complaint.
Heretofore defendant moved for dismissal of the complaint upon the ground the action is one at law. The motion was denied, it being held that the action was one for a specific enforcement of a contract and was available to the plaintiff. The contract was specific, and called for payment in kind involving securities of a peculiar and special value and having-no readily ascertainable market value. Plaintiff now rejects the theory of specific performance, and relies on the theory of trust or joint venture. Admittedly, there is no note or memorandum of agreement set forth in paragraph 3 of the complaint. There is no basis therein alleged to support the existence or creation of a relationship resulting in confidence or trust, or any obligation in equity to account. Nor is there basis for the claim of joint venture. The agreement relied on *1051 was made in connection with the brokerage agreement and was merely an extension thereof, providing, as it did, the measure of compensation and how and when it was to be paid. The time for payment in relation to the transactions and the measure of that compensation as recited in paragraphs 3 and 5 of the complaint bring the agreement within the Statute of Frauds (Personal Property Law, § 31, subd. 1), as not performable within a year or before the end of a lifetime. The agreement provides for no contingencies capable of occurring within the stated times to terminate the obligation. The motion is granted accordingly. Settle order.